IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2043-BO

| | | |
|---|---|---|
| SAMUEL D. APPLEWHITE, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TRAVIS OUTLAW, | ) | |
| Respondent. | ) | |

Samuel D. Applewhite, a state prisoner, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Travis Outlaw ("Respondent") moved to dismiss the complaint as untimely and filed outside the statute of limitation. 28 U.S.C. § 2244(d)(1). Petitioner did not responded, and the time in which to do so has run. The matter is ripe for determination.

Petitioner is a prisoner of the State of North Carolina. He attacks his October 15, 2002, conviction. Petitioner pled guilty to first-degree kidnapping, armed robbery, conspiracy to commit armed robbery, and breaking and entering. Petitioner was sentenced to consecutive terms of 125 to 159 months imprisonment for first-degree kidnapping, 95 to 123 months imprisonment for armed robbery, 36 to 53 months imprisonment for conspiracy to commit armed robbery, and 10 to 12 months imprisonment for breaking and entering. John Gomulka represented petitioner. No appeal was filed.[1]

On September 11, 2009, petitioner filed a *pro se* "paper writing" construed as a Motion for Appropriate Relief (MAR) and submitted it to the Superior Court of Wayne County. On October 14, 2009, the MAR was summarily denied by entry of a court order. On October 26, 2009, petitioner filed

---

[1] On July 23, 2002, petitioner was found guilty of common law robbery and misdemeanor assault inflicting serious injury after a trial. Petitioner, through counsel, did appeal that conviction. North Carolina v. Applewhite, 595 S.E.2d 816, 164 N.C. App. 411, 2004 WL 1097707 (N.C. App. May 18, 2004). This July 2002 conviction is not at issue within this habeas petition.

a *pro se* petition for a writ of certiorari seeking review of the denial of the MAR in the North Carolina Court of Appeals. On November 12, 2009, the North Carolina Court of Appeals dismissed the petition. On December 3, 2009, petitioner filed a petition for discretionary review in the North Carolina Supreme Court that was denied on December 10, 2009. Petitioner dated this federal habeas application, March 8, 2010.

Respondent argues that the petition should be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application .. is removed ...;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-

2

time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

Therefore, petitioner's filing became final on direct review when his judgment of commitment was entered on October 15, 2002, and the time began to run. See id.; United States v. Sanders, 247 F.3d 139, 142 (4th Cir.), cert. denied, 534 U.S. 1032 (2001). During the time the statute was running, no post-conviction filings were made. Petitions filed after the expiration of the one-year AEDPA limitations period "cannot revive a period of limitation that has already run." Brown v. Langley, 348 F. Supp. 2d 533, 536 (M.D.N.C. 2004) (citing Minter v. Beck, 230 F.3d 663 (4th Cir. 2000)). Therefore, the petition is time-barred. Neither the September 11, 2009, MAR nor any of the subsequent filings could toll the matter because the one-year period had expired prior to these filings. Petitioner does not respond to the motion and does not refute the foregoing.

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") Thus, the court reviews whether petitioner is entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable

jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED

Accordingly, Respondent's Motion to Dismiss the habeas corpus petition as untimely is GRANTED and the matter is DISMISSED. The certificate of appealability is DENIED.

SO ORDERED, this 21 day of June 2011.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE